Dismissed and Memorandum Opinion filed October 2, 2008








Dismissed
and Memorandum Opinion filed October 2, 2008.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-08-00838-CR

NO. 14-08-00841-CR

 

____________

 

RONALD DWAYNE WHITFIELD, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the
337th District Court

Harris County, Texas

Trial Court Cause Nos.
528856 & 525468

 



 

M E M O R A N D U M   O P I N I O N

Appellant,
acting pro se, filed a document on August 7, 2008, in which he
challenges his 1989 convictions.  The document was construed as a notice of
appeal, which was assigned to this Court.  This Court has previously dismissed
untimely appeals from these convictions.  See Whitfield v. State, Nos.
14-05-00094-CR & 14-05-00095-CR, (Tex. App.CHouston [14th Dist.] Feb. 10, 2005),
no pet.) (not designated for publication).








According
to the record, appellant=s probation of the sentence in his conviction for theft in
cause number 525468 was revoked and appellant was sentenced to confinement in
the Institutional Division of the Texas Department of Criminal Justice for five
years on July 26, 1989.  After a plea of guilty, appellant was convicted of
burglary of a motor vehicle with intent to commit theft in cause number 528856,
and on August 11, 1989, appellant was sentenced to confinement for five years
in the Institutional Division of the Texas Department of Criminal Justice.  No
timely notices of appeals were filed.  Appellant filed a pro se notice
of appeal of these convictions on December 30, 2004.  Because our record did
not reflect that the Court of Criminal Appeals granted appellant leave to file
out-of-time appeals, this Court dismissed the appeals for want of jurisdiction
in 2005.  Id.; see Slaton v. State, 981 S.W.2d 208, 210 (Tex.
Crim. App. 1998) (court of appeals lacks jurisdiction and must dismiss appeal
in absence of timely notice of appeal).  

A
defendant=s notice of appeal must be filed within thirty days after sentence is
imposed when the defendant has not filed a motion for new trial.  See Tex. R. App. P. 26.2(a)(1).  Only the
Texas Court of Criminal Appeals has jurisdiction over post‑conviction
matters in final felony convictions through a writ of habeas corpus  in
accordance with article 11.07 of the Texas Code of Criminal Procedure.  See
Tex. Code Crim. Proc. Ann. art.
11.07 (Vernon Supp.2008);  Board of Pardons & Paroles ex rel. Keene v.
Court of Appeals for the Eighth District, 910 S.W.2d 481, 483 (Tex. Crim.
App. 1995);  Ater v. Eight Court of Appeals, 802 S.W.2d 241 (Tex. Crim.
App. 1991) (providing that remedy of writ of habeas corpus governs out‑of‑time
appeals in felony cases pursuant to article 11.07 of the Texas Code of Criminal
Procedure).  Therefore, we lack jurisdiction over these appeals.

Accordingly,
the appeals are ordered dismissed.

PER
CURIAM

Judgment rendered and Memorandum Opinion filed October
2, 2008.

Panel consists of Chief Justice Hedges and Justices
Guzman and Brown. 

Do Not Publish C
Tex. R. App. P. 47.2(b).